IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRI MARTIN,

     Plaintiff,                                   No 2:11-cv-0891 AC

     vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

     Defendant.                              <u>ORDER</u>
_____/

          Plaintiff requested judicial review of the final decision of the Commissioner of Social Security. On August 24, 2012, the court granted plaintiff's motion for summary judgment. ECF No. 20. On February 12, 2013, plaintiff filed with the court a stipulation for the award of attorney's fees under the Equal Access of Justice Act. ECF No. 22. However, the document indicated that it was signed by counsel on September 27, 2012. Given the delay in filing the stipulation, the court provided defendant an opportunity to file objections to the court approving the stipulation.

          On March 7, 2013, defendant's counsel filed a response regarding the stipulation for attorney's fees. ECF No. 25. In the response, defendant's counsel explains that in September 2012, he and plaintiff's counsel agreed to settle the attorney's fees in this case for

1

$4,250. However, defendant's counsel "did not receive confirmation from Plaintiff's counsel to file the stimulation and proposed order dated September 27, 2012, and thus the parties did not file a stipulation." Id. at 2.

Local Rule 131(e) provides, "Documents that are normally signed by more than one counsel . . . may be prepared by obtaining approval from any other counsel to state that the other counsel has authorized submission of the document on the counsel's behalf." The stipulation filed with the court contains the electronic signature of counsel for both parties. However, defendant's counsel contends that he never authorized the submission of the stipulation for attorney's fees. While defendant does not oppose the grant of attorney's fees, this does not change the fact that filing a document containing opposing counsel's signature without first acquiring the requisite approval amounts to misrepresentation. Had it not been for the discrepancy in the date the document was signed and the filing date, the court may very well have approved a stipulation that never existed.

In light of the foregoing, plaintiff's counsel is order to show cause, in writing, on or before March 22, 2013, why he should not be sanctioned for filing the stipulation and proposed order without receiving prior authorization from defendant's counsel.

DATED: March 8, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE